I'm here on behalf of Julia Pylant with me arguing the rebuttal is Bill Guimaraes who represents Donald and Leslie Pylant. We're here today because the district court below improperly denied a motion to dismiss brought under the Texas Citizens Participation Act or the TCPA. I think as a threshold matter I'd like to address the jurisdictional issue because it was raised in both briefs and is a threshold matter for the court to consider. The fact of the matter is this court in NCDR about a year ago decided that an order denying a motion under the TCPA is immediately appealable as an interlocutory order. They determined that not because the state court or the state law provides for that remedy. This court determined in NCDR that it was immediately appealable under the collateral order doctrine because it met all three prongs of that doctrine and with respect to the appealability under the state statute, that was important, not determinative, but important to the third prong of that analysis which was effectively unreviewable and this court in NCDR stated that the appealability under the state statute is relevant not because the state law determines the availability of appellate review in federal court, it does not, but rather it demonstrates whether the lawmakers wanted to protect speakers from the trial itself rather than merely from liability. And I know that they've raised the issue of jurisdiction and the timeliness of the appeal, but here we have an order, the order was entered on May 5th, or March 5th, we have a notice of appeal filed a week later, and under Rule 4 of the federal rules, we timely filed our entry of the order or judgment. So with respect to the jurisdiction, NCDR provides great guidance on whether or not this court has jurisdiction to hear the denial of the TCPA motion in the first instance. Now, moving into the substance of the underlying argument. Well, let's stay with jurisdiction for a minute. Yes, sir. If TCPA is a procedural mechanism for dismissing complaints pre-trial, then how is it applicable in a federal court sitting in diversity? I know that wasn't briefed, but . . . Well, but that was briefed and addressed in NCDR. That was fully briefed, and if you go look at the underlying briefs in that case, this court addressed those very issues. And the fact of the matter is, first, you have . . . there's this argument out there about it conflicting with 12b-6, and in both Henry, which is the predecessor to NCDR, and in this case, the court concluded that because it wasn't raised in the district court, like it wasn't raised here, it's waived. You waive the conflict issue, and the appellee even concedes that the court had the ability to address the TCPA issues. The shorthand is, it's a substantive law that allows for a remedy . . . That's your shorthand. That's not what the case says, is it? Well, but that's what the cases discuss, why it is so. They don't make any holding about whether or not it's a procedural mechanism for dispensing with complaints pretrial, and that's all it is. They don't make a holding on that, do they? NCDR holds that it was waived because it wasn't raised in the district court below. So the answer to my question is . . . you remember my question? Your question is, why is TCPA even applicable at all, because it's a procedural . . . Well, no. Is there a holding in NCDR or Henry? Is there a holding that it's not just a procedural mechanism for dispensing with complaints pretrial? Is there a holding on that? Not that I'm aware of. All right. On your direct . . . You said your shorthand is that it's substantive, but I'm asking you whether or not there's a case that says that. No, Your Honor. All right. And what we're relying upon is the same thing that they relied upon in NCDR, which was it wasn't briefed and it wasn't raised in the trial court below. Therefore it's waived like in NCDR. This court determined that it was waived, so therefore we're going to view it substantively and address the merits of the TCPA motion. Now, NCDR went on. They . . . the court there said, look, it applies, we're going to consider it, but because of the commercial speech exception, it doesn't apply. With respect to the particular claims that were raised there, we don't have those same issues in this case as I can address the merits of the TCPA motion and the reasons why, substantively, it should have been granted by the district court below. Let me ask you . . . Yes, Your Honor. . . . another issue. It seems to me that much is made over the fact that the judge didn't set a hearing so that the time never started to run. Is that . . . Yes, Your Honor. They were . . . the judge addressed it in his opinion and I believe the appellee addressed it in his brief. Well, my question is this. It doesn't say in the statute that the hearing will be an oral hearing or that it would be ordered that way. And there are a good many statutes and requirements where the filing of the papers starts the time for the hearing because the hearing can be just the court considering it without ever having the argument. Now, is it clear under the TCPA that they're referring to an oral hearing to be ordered? I don't think it's clear, but I do think that the statute talks about a hearing at which the court could consider the pleadings, the affidavits, et cetera, and other discovery products. So . . . Won't that be done in chambers? I think you're correct on that point. Why isn't the filing of that . . . why doesn't that start the running of the time and count? If nothing is done within that time, then it's the default result. Because the . . . in NCDR, if you're talking about the running of the deadlines, I do think the deadlines are procedural. And therefore, the court is not required . . . the district court is not required to follow all of the rules with respect to the timing and sequence of things. And then with respect to the issue of, okay, it's overruled as a matter of law, statute says that. Under your theory that we're talking about, we pick a time in the date of filing, it's overruled as a matter of law, then what's the time to file your notice of appeal? The statute's silent on that. The statute doesn't say, and it's 27-008, it just says you have the right to appeal. It doesn't say you have to appeal within X number of days of the overruling as a matter of law. To get there, you have to go to a different statute. I think now it's 51-014 of the Practices and Remedies Code. But when you look at Rule 4, the federal rules, it talks about the time to appeal runs from the date of judgment or order signed. Here, it doesn't provide for a mechanism for an appeal with respect to an operation of law denial. Therefore, once we got the order on March 5th, that's when the time to appeal would start, which is what we did. So therefore, this court should have jurisdiction to be able to hear the substantive matters under the TCPA. Well, I guess my question is simply, under all the applicable law, did the district court set a hearing by operation of law on the filing of that since no oral hearing is required? No, the district court below did not, but it wasn't for lack of trying. We did submit a letter . . . I don't know about the letter and all that, but I'm just wondering if you're not . . . anyway, I guess you've answered the best you can. Yes, sir. With respect to the merits of the TCPA motion itself, there's a shifting burden here. We start with the plans had the initial burden approved by a preponderance of the evidence that the statute applied. It's a de novo review under back ease. The conduct at issue has to fall within three categories. Free speech is a matter of public concern, right to association, which is not an issue in this case, and then the right to petition. The right to petition falls under two subcategories relevant to this proceeding, which is, did it happen in a judicial proceeding? Did it happen in connection with a proceeding involving an educational institution that becomes important here, and under seraphine, which is cited in the briefs, the court can look to the pleadings to determine whether or not that preponderance of the evidence burden has been met on that threshold issue. Once the court determines that it falls under the statute, then the burden shifts to the non-movement to come forward with clear and specific evidence of a prima facie claim on each element. Now, under Lipsky, the recent Texas Supreme Court case that came out in April, the standard, this clear and specific evidence of a prima facie case does not create a heightened or elevated burden. I think the Texas Supreme Court was clear on that point, but it does require some evidence, and that's important in this case. They have to come forward with evidence on each element, and here in particular, it failed with respect to the malicious prosecution claim and with respect to the tortious interference claim. The first one is, with respect to malicious prosecution, there was no evidence of lack of probable cause. These parties, the appellant, reasonably believed that she was sexually assaulted. There's no evidence to the contrary of that. With respect to the malice element, and we cited the court to Dallas Court of Appeals opinion, which is RICO v. L3, and it talks about for the malice element, you have to have a showing of prior animus and prior bad relations. They have no evidence in this record that talks about prior animus, prior bad relations. And then finally, no evidence of damages. There is nothing in this record that has a dollar sign in it that talks about what is claimed as damages. And if you look at Lipsky, for example, in Lipsky, there was an affidavit that was submitted that says, I believe that we've been reasonably damaged in the amount in excess of $3 million. The Supreme Court said, that's not good enough. That is conclusory, and they granted the, or they affirmed the grant of the anti-SLAPP as to the damages because of that. Now, they went on and pursued the defamation for, because it's per se, which is another thing I'm going to address. What did they offer in connection with damages in this case? What did they say about damages? Just that they were damaged. That's it. No dollar sign, no nothing. And that also carries forward into the tortious interference claim because there's no evidence of damage to tortious interference. I know we briefed this with respect to the no evidence of an obligatory provision that was breached by anyone, no evidence of causation, no evidence of damages. And because they failed to come forward with any evidence, the trial court below should have granted the motion to dismiss. With respect to the defamation claim, I would like to point out the third component of a TCPA analysis is, if we come forward and show a defense by a preponderance of the evidence, the court should dismiss the claim. Here, we came forward with more than a preponderance of the evidence to establish that each one of the specific acts on which they had evidence was either subject to limitations or subject to the absolute privilege. They've identified eight items. See if I can run through this before I run out of time, but . . . Well, I guess the one that concerns me most are statements made to the, and I don't know whether it's a chancellor or president, statements made to . . . Gerald Tarkin, the president. Do you claim a defense of immunity because that's a quasi-judicial proceeding, although we're talking about a private university? Tell me how you get to quasi-judicial in connection with those statements. Well, it's quasi-judicial . . . Is that your claim, that it's quasi-judicial? Yes. All right. Therefore, the absolute immunity or the absolute privilege would attach to that, and the reason is under the statute, under the TCPA statute, it talks about an educational institution that receives public funds, and because SMU . . . it's undisputed that SMU receives public funds. It was in the news recently under the Title IX stuff, and because of that, it falls under the statute, and because of that, any statement related to the proceeding, and it's undisputed that the proceeding lasted through September of 2013. So this communication with President Turner would fall within the scope. I see that I'm out of time. Unless the panel has any questions, I will defer the remaining five minutes to my colleague. Thank you, Mr. Halberg. Thank you, Your Honor. Kelly? May it please the Court, may it proceed? First of all, good afternoon. My name is Mike Kelly. I represent Mr. Kuba. One of the big misconceptions that's been argued by pilots is simply that the TCPA does not require evidence in the sense as we think of evidence. The Act clearly states that the trial court may consider the pleadings and supporting and opposing affidavits. And if you look at the intent of the TCPA, which is to try to quickly, expeditiously get rid of those claims that don't have merit, that's one of the mechanisms for that. In other words, the trial court only had to look at the pleadings. So any time that the appellants say that we didn't provide evidence, you've got to look at also, first of all, the pleadings of my client, which clearly state in there that he had to hire an attorney, as far as the malicious prosecution claim, he had to hire an attorney, he had other elements of damages, no dollar signs per se, but he clearly addresses the damages in his pleadings and as well as other items in the pleadings equally. Having to hire an attorney to bring the malicious prosecution . . . No, no. In the criminal case, he had to hire a criminal attorney. I'm sorry. I'm sorry. That was my . . . I apologize. He had to hire a criminal attorney to defend himself in the criminal trial, which resulted in an acquittal. That's what I'm talking about. So the court was correct, assuming the TCPA applies, the court was correct that it can look at the pleadings or has the ability to look at the pleadings, but keep in mind also, the trial court never got to that point. It held that the motions to dismiss were overruled by the operation of law because no hearing was established. So therefore, the trial court . . . Why wasn't there a hearing? Pardon me? Why was there no hearing? I have no idea, Your Honor. The law clearly states that either the lack of a hearing or a hearing where it's denied allows the appeal. A hearing does not have to occur under the Act. By operation of law, if a hearing does not occur, then that gives the agreed party . . . Doesn't the Act provide that there shall be a hearing? I'm sorry? Doesn't the Act provide that there shall be a hearing? No. No. What does it say? It says that if the hearing does not occur within so many days, I believe it was, I want to 60 or 100, I can't remember exactly which one, then the motion . . . Well, it says 60, but if this, then 90, and if this, then 120. Yeah, but clearly here we're past the year, but the Act clearly states that if a hearing has not occurred, then the motion is overruled, and that's when the time period begins. So, the trial court, again, did not, if the court is inclined to say that, well, the TCPA applies . . . So, the court could just have a motion filed, sit on it, and then deem it denied by virtue of the court's determination that it's just not going to hold a hearing on it? In accordance with the Act. That's correct. That's what the Act allows. I mean, it's not the court initiating this or determining this. That's what the Act allows. Well, it's the court not setting a hearing. They asked for a hearing, didn't they? I don't . . . I can't recall, Your Honor. I mean, I don't know if they did or not. For purposes of this argument, let's assume they did. But clearly the Act says that if you do not have your hearing in a certain period of time, then your motion is denied. Well, doesn't it say that a certain period of time after the court sets a hearing? No, after the motion is filed, I believe, is how the language . . . Once a motion is filed, I believe, is how the language tracks. So regarding that, if this court is inclined to say that the trial court committed error relating to its not ruling on a motion, then that's what should happen. First of all, I think the trial court's decision should be affirmed, and I'll get into that question. If this court believes that the case should be remanded, then at that point, the only thing that the trial court should do would be review what's been filed to make the determination if, in fact, the TCPA does apply, and if it does apply, whether or not my client . . . even if the TCPA did apply, my client could still present a meritorious claim, and the Act would still allow the claim to go forward. I don't want to be hung up on this too much, but . . . Right. No. That's all I'll say. The anti-SLAPP law does not specify that there must be an oral hearing. It provides a hearing on a motion under 27-003 must be set no later than the 60th day. In Lipsky, the Texas court concluded that this applies to the setting, not the hearing or consideration of an anti-SLAPP motion to dismiss. And my question is, as I ask counsel opposite, since it doesn't require, expressly require, an oral hearing, is it certain that the hearing was not set by the filing? By what? I'm sorry? By the filing. I don't . . . no, I don't believe that's what the Act . . . what the Act does not require that at all. Well, it says the court must rule on a motion after an oral hearing. It doesn't say that. Right. It says must rule on a motion not later than the 30th day following the date of the hearing on the motion. And so if there's no setting and no hearing, but the hearing can be without oral argument. And if the filing of the . . . puts it before the court, then the hearing time may start and those days run. I don't . . . I'm sorry. No, no, I understand what you're saying, but my understanding of the Act is that after a certain period of time, if nothing is going on in the trial court, then it's overruled. Well, but it has to . . . there has to have been a hearing set, and my point is, couldn't it be, since the statute doesn't require oral hearing, that when those . . . when the documents are filed, that starts the hearing time? Absolutely, and it's equal to or similar to a 12b6 motion. Absolutely. 12b6 motions, as a general rule, you don't get a hearing from a judge relating to 12b6, although occasionally you do. So when you file that, when you file your 12b6, then you have a deadline for the response to occur, and then at some point in time there's a decision. But I think that absolutely . . . and in particular, when you look at the TCPA and the intent behind it, which is to expeditiously handle these or get these cases going because you want to weed out and ferret out those claims that the court or that the Act says lacks merit, and therefore you save money, you save attorney fees, but to sit on it, to not do anything, totally contradicts what the intent and purpose of the Act is. To not do anything with . . . To not appeal, not to pursue the case because the Act . . . What are you sitting on? I guess that's what I'm asking. Right. Let me tell you where I'm headed, because I'm looking at Section 27.004, and it says a hearing on a motion under Section 27.003 must be set. I said shall earlier. This says must. Right. What does that mean, must be set? That mean you shall have one? I think when you look at it in the context of what those other deadlines are, the 30, the 60, the 90, the 128 deadlines, I think you have to look at it in that comparison as well to then determine whether or not, after a certain period of time, whether the motions to dismiss were overruled by operation of law or denied by operation of law. But assuming, if this Court determines that the Act does apply, then you've got to get into the merits of the . . . or the pleadings. And it's not a question . . . it's not a summary judgment proceeding. That's what appears to be argued by the appellants, that they are using the language to try to say or determine that, in fact, you should require evidence to submit, and the Act clearly states that the judge can look at the pleadings of the parties and any supporting or controverting affidavits or declarations. So to say evidence was not, or there is no evidence of whatever, is, I think, is misleading and needs to be clarified. For who to say that? For anyone to say that my client did not produce any evidence. I think that misleads what the Act requires. The Act only requires a review of the pleadings. So you're saying the judge determined that, upon his review of the pleadings, the motion should be denied? No. The judge never got to that point. Because I thought the determination was that, by operation of law, it was denied. No. That's correct. The judge never got that far. All right. I'm saying, had the judge determined that everything was properly done, then you look at the pleadings and any controverting or supporting affidavits. I don't believe that was required in this case, based on what we've been talking about. But if you do believe that that should have happened, that there should have been a hearing first, then I'm saying, at that point, the judge is not required to look at a mound of evidence that you typically see in a motion for summary judgment. This is simply equated with a 12B-6, motion to dismiss. And one of the dangers that we have is, if we pick and choose what parts of the Act, assuming it applies, that we want to follow them, I think, again, it takes away from the intent of the Act, which is to—can I get some water? I'm sorry. Sure. No problem. That's all right. Take your time. We'll give you a little bit extra time. Thanks. Thank you. And there's been a talk about substance versus procedure or whatever, but the Act clearly says that there's no discretion by the judge to extend any of the deadlines to make its ruling. And again, I know we talked about whether there's a hearing or not, but when you look at this Act and you look at the intent and purpose for the Act, which is, again, to expeditiously handle these claims, I don't think that by waiting over a year or a year and a half or whatever it was between the time you file your motion until there's—you take steps to appeal it, keeping in mind that during this period of time, we're not allowed, as a discovery, either. So we basically have to sit there and wait. We can't litigate the claims. And now we're talking about—we're in 2015, we're talking about a case of—a transaction happened in 2012. And that's not what the intent of the Act was, I don't believe. I believe the intent of the Act was to get these cases handled quickly, expeditiously, and you can't just sit on your hands and hope that the judge rules one day. At some point in time, you've got to do something, and I think clearly we're way past that time in this period here. Regarding the Act, the TCPA, evidence—I'm putting quotes around evidence—the pleadings that were submitted clearly show that the pilots lied or claimed that she was a virgin. That was—that's been—that was alleged. And also, she ultimately testified, I believe, at the hearing or during the criminal trial that she lied about some things that she said earlier in either comments to the SMU people or to whomever else. Regarding Mr. Turner, as far as the— But in that connection, counsel, there was a grand jury that indicted your client. That's correct. Based on— And not necessarily a finding of probable cause. Based on her lies that she did that occurred at the grand jury proceeding, that's correct. She lied. She lied. If a police officer fraudulently testifies or falsifies evidence and goes to a grand jury and testifies falsely, a defendant would have a claim against that person. Right? 1983. I mean, you say she lied, I guess I'm just wondering where the proof is of the lie, but— Well, we testified—in the actual pleading, in the complaint, I believe, it references the grand jury proceeding, and that's why the judge—in fact, the judge even addressed that fact, that it was subject to absolute immunity at that point. But my position is that if, in a 1983 case, a police officer— Well, the only reason I raised the grand jury testimony was in connection with the probable cause finding. Right. You're saying one of your elements is probable cause, and I'm suggesting that a grand jury determination is, in fact, a determination about probable cause. Unless there's been some wrongdoing involved in obtaining that, is how I would respond. The lying that was conceded, lying before the grand jury or to investigators or to SMU, where did the lying take place? Because if it had nothing to do with the grand jury, then this, you know, may be a different thing. Judge Graves—that's Judge Graves' question, I think. Well, if it's—if I understand your question, Your Honor, we're alleging that at various points in time she lied. She lied at the grand jury testimony. She lied to the police officers about what had happened. She lied to her friends, telling her friends that, you know, whatever happened. And those are—those are set forth in our complaint. It's not just what happened at the grand jury proceeding. It's in addition—for example, the pilot's claim that he blackmailed witnesses, that he intimidated witnesses, that he did things unrelated to the alleged rape. And we're addressing those events as well, not just what happened at the—back in February 2012 when the alleged rape occurred. We're saying it was consensual, so any time that she says that she was raped, we believe that that's a claim, if you will. And so the act—back to the act—the act—and we're looking at this, the malicious prosecution claim and the tortious interference claim. Keep in mind, they're not alleging—or they can't—they're not getting—they're not appealing the malicious prosecution claim and the tortious interference claim by themselves. They're tying it into the TCPA. They're saying that these were statements that are covered by the TCPA. They're not entitled to—and this Court should not indulge them in an interlocutory appeal relating to the denial of a motion to dismiss on those claims. They're trying to mix and match the TCPA claims with the non-TCPA claims. And so therefore, if the Court is inclined to analyze a malicious prosecution claim, it's got to look at it in the context of the TCPA law, what the law is. And this is not—again, this is not a summary judgment proceeding where the parties have to marshal all their evidence to respond to the summary judgment. And we're not here arguing over what the evidence is or wasn't. All we're arguing is—or all I'm telling you is—that we filed our complaint, which is very detailed, and it goes through a lot of the factual events and also talks about all the—goes through the elements of including damages, including for malicious prosecution. And so therefore, if—like, again, if the Court is inclined to— The damages are hiring a lawyer in defense of the criminal prosecution? That's one of them, absolutely. What else? His reputation. Did you say that? Yes. Complaint? Yes. But back to—I don't think this Court has determined whether or not the Act applies. I think that even just looking at the cases before I traveled down here from Dallas, it seems to be perhaps understood or I don't know that it may apply. But this Court has not ruled whether it has—whether it applies in federal court. And whether—and that's not my job. I'm just saying, well, if it applies, fine, then we apply the Act. If it doesn't apply, then so be it. But until this Court, I think, rules for me to argue or say that it applies or doesn't apply, I think that's contradictory to what the Court has ruled in the past, in particular with the NCDR case. The Court didn't indicate or didn't hold that it applied. It just believed it applied, I believe, is the terminology that was used. And in closing, I believe, as I stated before, this Court should affirm the trial court's decision. And if it is, and remand it back so we can go ahead and get on with the discovery and the depositions and the trial in this case. And if it's inclined to reverse the trial court's decision, then at that point in time, the trial court needs to determine or make an analysis or determination about the—whether or not the claims apply. First of all, whether or not they met their burden of proof under the TCPA. And then if they did meet the burden of proof, whether or not the pleadings and controverting or supporting affidavits support a meritorious claim or claims brought by my client. No laws are designed to allow and approve this sort of conduct. But if, in fact, someone lies and there's evidence of the lie, you should have the opportunity to pursue that, those charts, those claims, and seek redress. Thank you. Thank you, Mr. Kelly. Mr. Camaros. Rebuttal. May it please the Court, I represent Donald and Leslie Palant in the trial court below and here on the appeal. I think we need to start by going back to first principles. The whole point of the TCPA is to protect constitutionally guaranteed rights, and you'll find that in the purpose of the Act in 27.002. It is not a mistake that we are here right now because Applee filed this lawsuit the week before his hearing at SMU and served my client the day before the hearing with a defamation, malicious prosecution, and tortious interference claim. Tortious interference with what? With Mr. Cuba going to SMU and a hearing that his daughter was going to testify at the very next day. If that doesn't define chilling free speech and chilling right to petition, a federal court lawsuit handed to you the day before you go to see SMU, I don't know what does. But that's exactly what happened here. Make no mistake about it. It's clear in the record. Mr. Kelly said a few things that I want to... Well, just so relate what your statement that you just made to the issues that we need to decide. How does that impact what we should do here in your view? Absolutely, Your Honor. I think where they relate to it is, first of all, let's talk about the burdens under the TCPA. Lipsky tells us that under the burdens of the TCPA, it's not a pleadings only analysis. Not for the plaintiff. It's not. The court says, and I don't have a Southwest Second Report number, but I do have the Westlaw page sites for it. On page seven, it says, and I quote, but the TCPA requires that on motion, the plaintiff present clear and specific evidence of each essential element. Not just a pleading. This isn't a 12B6 light type analysis. He is required to come forth with clear and specific evidence of the challenged elements. He woefully failed to do that. He didn't do it on tortious interference. We know that because he never alleges what contract SMU allegedly breached. Never says it. And he never gives you damages with a dollar sign. There's just not one there. The court should have granted the motion on tortious interference right there alone. But it also, we moved on, no causation between this alleged breach that we still don't know about and anything. All right. Well, let's move on though and talk about malicious prosecution and defamation. All right. Your Honor, with respect to malicious prosecution, zero evidence of prior animus. None. Best we can tell, this is one of the first times they'd ever met. But there's certainly no evidence in the record of any damages. Not a dollar sign. Won't find one. And no evidence of animus. The best he can get is trying to muddy up probable cause. Judge Graves, I think you were right. The grand jury found probable cause. We make that element. And she doesn't think it's consensual. We know that because she makes a report a couple days later. That's when the rape outcry occurs. That's back in February of 12. So I think with respect to malicious prosecution, it's pretty clear. Under the TCPA, Apley failed to meet his burden. Well, a malicious prosecution claim requires favorable determination of the proceedings. An acquittal will do that. Yes, sir, it does. We're not arguing he wasn't acquitted. We think it has nothing to do with whether or not he has a valid malicious prosecution claim because he doesn't have evidence of prior animus. And that's required in RICO v. L3 communications. He fails to make his evidentiary burden required in the TCPA there. As to defamation, I think he's caught between the scissors of absolute privilege, a proceeding, in this case, a right to petition, dealing with SMU and the very process that takes place a week after he files this lawsuit, statements by the plants to SMU all about that. I think those are absolutely privileged. We gave evidence of that. Again, there's nothing that says it's not. And I think the limitations bar cutoff is fairly clear. September 12, 2013 is when he files. Anything before September 12, 2012 is gone. He doesn't give the court below or this court above any evidence why he survives his own claim discovery rule. Nothing. Why he couldn't have found that out or didn't, in fact, find that out. Given that, I would ask that this court reverse the court below, remand it for a determination of appropriate attorney's fees and sanctions, and dismiss Mr. Cuba's claims in the 212 and 213 case. What's your basis for sanctions? It's part of the statute, Your Honor, at the bottom of the TCPA. Well, okay, but I mean, how would you establish the right to sanctions under the statute? What's been done here that would lead to sanctions? I'm not talking about attorney's fees. I'm talking about sanctions. Your Honor, that's just the relief that were allowed under the statute. Personally, I don't know that we'd be entitled to get sanctions. I don't know that we'd be able to make that burden. You answer it. I just want to be sure there wasn't something there that we... There's nothing. I don't have anything else up my sleeve on that, Your Honor. All right. Thank you, Mr. Camarosa. Thank you, Your Honor. This is under submission. Next case, Hensley v. City of Shreveport.